```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

CAROL K. SCOTT,                  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     1:05cv970(JCC)
                                 )
MID-ATLANTIC CABLE,              )
INSTALLATION, LLC, et al.        )
                                 )
          Defendants.            )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendants' motion for partial summary judgment. For the following reasons, the Court will deny Defendants' motion.

### **I. Background**

Plaintiff, Carol K. Scott, has filed this diversity of citizenship action against Defendants, Mid-Atlantic Cable Installation LLC ("Mid-Atlantic") and Luis Angel Torres Rodriquez, seeking to recover damages for medical care expenses, pain and suffering, mental anguish, lost earning capacity, and lost future retirement benefits. Plaintiff alleges that on September 4, 2003, Rodriquez was operating a Mid-Atlantic vehicle in the scope of his employment and negligently collided with Plaintiff's stopped vehicle, causing Plaintiff permanent injuries. Defendants have filed a motion for partial summary judgment, seeking summary judgment only on Plaintiff's claims for

lost earning capacity and future retirement benefits.  This motion is currently before the Court.

## II.  Standard of Review

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party can show by affidavits, depositions, admissions, answers to interrogatories, pleadings, or other evidence, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party is not entitled to summary judgment if there is a genuine issue of material fact in dispute.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of fact exists if a reasonable jury could return a verdict for a nonmoving party.  *See id.*  In other words, summary judgment appropriately lies only if there can be but one reasonable conclusion as to the verdict.  *See id.*  As the Fourth Circuit explained,

> [W]e must draw any permissible inference from the underlying facts in the light most favorable to the

> party opposing the motion. Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party has failed to make a sufficient showing on an essential element of the case that the non-moving party has the burden to prove.

*Tuck v. Henkel Corp.*, 973 F.2d 371, 374 (4th Cir. 1992) (citations omitted), *abrogated on other grounds in Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993).

### III.  Analysis

Plaintiff is a 1971 graduate of New York University Law School and was admitted to the New York Bar in 1972.  She began her career in the Office of Chief Counsel of the Internal Revenue Service in 1971, and she later rose to the position of Senior Trial Counsel.  In 1979, she transferred to the Securities and Exchange Commission ("SEC"), where she took the position of Assistant General Counsel.  In January 1991, Plaintiff was promoted to the position of Supervisory General Attorney, a GS-15 position that paid $80,138 per year.  Nine months later, in October, Plaintiff elected to resign from her position to devote her time to raising her children.  Plaintiff claims that it has always been her intention to return to government employment after her oldest son left the household to attend college.  According to Plaintiff, she left her retirement benefits with the government in anticipation of returning to government service.

Thus, at the time of the automobile accident, Plaintiff had been out of the practice of law for approximately twelve years. Defendants seize upon this fact to argue that Plaintiff is presently unqualified for a position with the SEC and that any award of lost earning capacity and lost future retirement benefits would therefore be unduly speculative. *See Ford Motor Co. v. McDavid*, 259 F.2d 261, 266 (4th Cir. 1958) ("[I]t is the province of the jury to resolve conflicting inferences from circumstantial evidence. Permissible inferences must still be within the range of reasonable probability, however, and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture.").

Virginia law permits a claim for lost earning capacity where the plaintiff establishes that the type and character of her injury will lessen her earning capacity and diminish her opportunity to secure employment in the future. *See Exxon Corp. v. Fulgham*, 294 S.E.2d 894, 898 (Va. 1982). Earning capacity is a conclusion reached upon consideration of the plaintiff's background, education, skills, and experience. *See id.* The plaintiff must prove the elements of her damages with "reasonable certainty," meaning she must "furnish evidence of sufficient facts or circumstances to permit at least an intelligent and probable estimate" of damages. *See Gwaltney v. Reed*, 84 S.E.2d

501, 502 (Va. 1954).  The Virginia Supreme Court has required that "such evidence must be grounded upon facts specific to the individual whose loss is being calculated."  *Bulala v. Boyd*, 389 S.E.2d 670, 677 (Va. 1990).

Defendants' argument is essentially that Plaintiff has failed to establish the earning capacity she claims.  Upon consideration of Plaintiff's background, education, skills, and experience, however, this Court simply cannot say, as a matter of law, that Plaintiff's hiatus from the legal profession rendered her unqualified to return to a position with the SEC.  The Court notes that Plaintiff received a number of promotions during her government career, including a promotion that took effect in the year she elected to resign.  Plaintiff has also submitted evidence that she received favorable performance reviews throughout her career.  In light of Plaintiff's education, her twenty years of experience in government service, and her performance during that time, this Court finds that an award of lost earning capacity based on the prospect of her future government employment would not be "so tenuous that it rests merely upon speculation and conjecture."  *McDavid*, 259 F.2d at 266.

Defendants raise a second issue with respect to Plaintiff's earning capacity, arguing that even if Plaintiff were qualified for a position at the SEC, no such position exists.

Defendants rely heavily on the deposition of Dr. Phillip Bussey, Plaintiff's vocational rehabilitation expert.  Dr. Bussey testified that he searched for available attorney positions at the SEC and that he was unable to locate any specific vacancies.  Defendants extrapolate from this testimony that Plaintiff's lost earning capacity claim would require a jury to improperly "speculate or assume that a vacancy for a position as an attorney with the SEC has existed from . . . any time since the accident to the present."  (Def.'s Mot. at 6.)

Dr. Bussey's failure to locate specific vacancies within the SEC is in no way fatal to Plaintiff's lost earning capacity claim and is merely reflective of the SEC's hiring practices.  A cursory review of the SEC's practices reveals that it accepts applications from experienced attorneys throughout the year, rather than listing specific vacancies.  *See* Employment with the SEC, http://www.sec.gov/jobs/jobs_fulllist.shtml#exatty (last visited May 24, 2006).  Defendants' claim that such an organization has had no vacancies at any time since Plaintiff's automobile accident is simply untenable.  Further, even though Plaintiff has not provided evidence of a specific vacancy, her claim for lost earning capacity would not require the jury to unduly speculate.  Plaintiff is entitled to present evidence at trial showing the likelihood that the SEC would rehire her, the salary she could expect to receive, and her likely promotion

potential, just as Defendants are entitled to cross-examine and contradict this evidence.  Defendants have not yet presented any evidence showing, as an undisputed issue of fact, that employment opportunities are nonexistent at the SEC for persons similarly situated as Plaintiff.

Defendants also argue that Plaintiff is improperly attempting to conflate her lost earning capacity claim with a lost future wages claim by presenting evidence of what her salary would be for a specific job.  The Court disagrees.  As stated above, to establish a claim for lost earning capacity, Plaintiff must "furnish evidence of sufficient facts or circumstances to permit at least an intelligent and probable estimate" of damages. *See Gwaltney*, 84 S.E.2d at 502.  Such evidence must be grounded on facts that are specific to Plaintiff.  *See Bulala*, 389 S.E.2d at 677.  Plaintiff's evidence regarding a position with the SEC appears to be tailored to show what an individual of her education and experience could expect to receive in government service.  Clearly, Plaintiff's evidence has not been submitted to state a claim for lost future wages, and indeed, the detail that Plaintiff's evidence provides is required by Virginia case law to state a claim for lost earning capacity.

Finally, Defendants contend that summary judgment is appropriate because Plaintiff has previously certified that she was retired from the practice of law.  On a biannual basis

between 1992 and 2004, Plaintiff submitted a registration statement to the New York Bar in which she certified that she was retired from the practice of law as defined in N.Y. Comp. Codes R. & Regs. 22 § 118.1(g).  The cited regulation requires each registration statement to be accompanied by a registration fee unless the attorney certifies that she is retired.  It provides that "[a]n attorney is 'retired' from the practice of law when, other than the performance of legal services without compensation, he or she does not practice law in any respect and does not intend ever to engage in acts that constitute the practice of law."  N.Y. Comp. Codes R. & Regs. 22 § 118.1(g).  Based on this definition, Defendants claim that Plaintiff's certifications reveal that she never intended to return to the practice of law and that they are thus entitled to summary judgment.

Plaintiff argues that § 118.1(g) is merely a revenue-raising measure and that it should be construed to mean that an individual can reenter the practice of law by submitting the registration fee in lieu of the retirement certification.  There is some support for Plaintiff's theory.  A New York court recently suspended the law license of an individual who certified to the New York Bar that he was retired but practiced law in Arizona.  *See In re Kahn*, 810 N.Y.S.2d 75, 77 (N.Y. App. Div. 2006).  The court provided, however, that the suspension was

effective only until the individual had fully paid his New York registration fees from the first date he certified his retirement.  It thus appears that § 118.1(g) should not be interpreted to mean "once retired, always retired."

Regardless, Plaintiff's certifications of retirement do not necessitate summary judgment against her.  In the present case, Plaintiff claims that she intended to return to the practice of law after her oldest son left the household for college.  Plaintiff's claim is supported by her own deposition testimony.  At best, Plaintiff's certifications of retirement call into question the veracity of Plaintiff's testimony.  This is a question of credibility, however, which is unsuitable for summary judgment.  As such, Plaintiff's certifications of retirement do not require summary judgment on her lost earning capacity and lost future retirement benefits claims.

## IV.  Conclusion

For the foregoing reasons, the Court will deny Defendants' motion for partial summary judgment.  An appropriate Order will issue.


May 31, 2006                         _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE